[1 NYS3d 381]

In the Matter of Krista Frances Selig, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, February 4, 2015

### APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Flamhaft Levy Hirsch & Rendeiro, LLP*, Mineola (*Marvin Hirsch* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated December 10, 2013, containing one charge of professional misconduct. After a preliminary conference on January 31, 2014, and a hearing held on May 5, 2014, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report, and to impose such discipline upon the respondent as this Court may deem just and proper, and the respondent separately moves for the same relief.

The charge alleges that the respondent has been convicted of a serious crime, within the meaning of Judiciary Law § 90 (4) (d), as follows:

On March 29, 2012, before the Honorable Thomas F. Scully, J.S.C., Superior Court of New Jersey, Law Division, Criminal Part, Monmouth County, under indictment No. 11-06-1195, the respondent was convicted, by her plea of guilty, to conspiracy (third degree) to commit theft by unlawful taking or disposition, in violation of New Jersey Statutes Annotated §§ 2C:5-2 and 2C:20-3. On June 21, 2013, the respondent was sentenced, upon her conviction, to a one-year period of probation by the Honorable Ronald L. Reisner of the same court.

Based upon the evidence adduced at the hearing, the Special Referee properly sustained the charge. Accordingly, the separate motions to confirm the report of the Special Referee are granted.

In determining an appropriate measure of discipline to impose, we find that the respondent presents as a sympathetic figure. While we find that her attempts to prevent the misuse of her personal and professional identity were feeble, at best, the respondent evidently was experiencing severe mental and psychological issues at the time, including alcohol addiction,

which resulted in her arrest and conviction for driving while intoxicated, for which she received an admonition in 2013. Ultimately, the respondent's conduct appears to have been the product of her involvement in a destructive relationship with the person who, with members of his family, was the true perpetrator of the fraud, and her severe mental and psychological problems; she was not motivated by greed. Her cooperation with the investigation and prosecution of the perpetrators is a factor in her favor; it appears to be the reason she received a light sentence. As the Special Referee noted in her report, the respondent is genuinely remorseful. Moreover, the Special Referee noted that the respondent is now "clean and sober," as well as a single mother. The Special Referee concluded that "[i]t seems doubtful" that the respondent's errant behavior would be likely to reoccur.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of one year.

Eng, P.J., Rivera, Skelos, Dillon and Hall, JJ., concur.

Ordered that the separate motions of the petitioner and the respondent to confirm the report of the Special Referee are granted; and it is further,

Ordered that the respondent, Krista Frances Selig, is suspended from the practice of law for a period of one year, commencing March 6, 2015, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than September 8, 2015. In such application, the respondent shall furnish satisfactory proof that during that period she: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (3), and (4) otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent, Krista Frances Selig, shall desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Krista Frances Selig, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).